**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4252
_____

ELIZABETH FAZIO; ANTHONY FAZIO,
                                        Appellants
v.

JC PENNEY; DOES 1 THROUGH 7, (fictitious names);
DOES 8 THROUGH 10, (fictitious corporations);
DEFENDANTS "A", "B" AND "C", (fictitious business entities whose
identities are presently unknown)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-01539)
District Judge:  Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2010
Before:  SLOVITER, CHAGARES AND WEIS, <u>Circuit</u> <u>Judges</u>
(Opinion filed: July 21, 2010)

_____

OPINION
_____

PER CURIAM.

        Appellants Elizabeth and Anthony Fazio appeal the District Court's order

granting appellee's motion to enforce a settlement.  For the reasons below, we will affirm

1

the District Court's judgment.

The procedural history of this case and the details of the Fazios' claims are well known to the parties, set forth in the District Court's thorough opinions, and need not be discussed at length. Briefly, Elizabeth Fazio and her husband filed a lawsuit against J.C. Penney after Mrs. Fazio fell in a J.C. Penney store and sustained injuries. After a non-binding arbitration hearing, an arbitrator found both parties equally liable for her injuries. The parties then settled the case in the amount suggested by the arbitrator. After the Fazios requested additional terms to the agreement, J.C. Penney filed a motion to enforce the settlement. After a hearing, the District Court found that Fazio authorized her attorney to accept the settlement offer and granted J.C. Penney's motion to enforce the settlement. The Fazios' filed a timely pro se notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction over the motion to enforce the settlement because it retained jurisdiction over the matter in its March 10, 2009, order. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994). Several of appellants' arguments on appeal are challenges to the District Court's finding that they authorized the settlement. In Anderson v. City of Bessemer City, N.C., 470 U.S. 564 (1985), the Supreme Court explained a Court of Appeals may not reverse a District Court's factual finding if the District Court's view of the evidence is plausible in light of the entire record. "Where there are two

2

permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson, 470 U.S. at 574. Appellant's attorney testified that appellants agreed to settle the case for $10,000. Appellants testified that they did not agree to the settlement.

Appellants argue that the District Court decided the facts of the case incorrectly by accepting their attorney's testimony without supporting evidence and despite conflicting evidence and testimony. They contend that the District Court erred in its interpretation of a letter dated March 17, 2009. In the letter, Mrs. Fazio wrote "I have received your letter dated March 3, 2009, in which you claim I have rejected the settlement offer. That is not true. I questioned how the award was being distributed and challenged some of the costs included in your breakdown." App. at Ex. F.[1] Her letter was in response to a letter from the attorney in which he stated: "[y]ou had advised that you would agree to settle the matter if you received $10,000. We have significantly reduced our attorneys fee, as a courtesy, in order to net you $10,000. Despite our prior agreement, you have now advised that you do not wish to settle the case." App. at Ex. G. The District Court's interpretation of the March 17th letter as support for a finding that the Appellants authorized the settlement is certainly a permissible view of the evidence.

---

[1] In a letter to her counsel dated February 23, 2009, Mrs. Fazio also focused on how the settlement would be disbursed. App. at Ex. H. ("Lay out for me on paper what and how this settlement is being disbursed and until I see that I can't make a decision as to whether or not I will accept it.")

3

Appellants also contend that the District Court wrongly placed the burden of proof on them to demonstrate that they had not authorized the settlement. They base this argument on a question the District Court asked during the hearing: whether they ever wrote to their attorney and indicated that they were not giving him authority to settle. This question does not show that the District Court shifted the burden of proof.

Appellants challenge the admission into evidence of the March 3, 2009, letter because it is not a true and accurate copy. They contend that the letter they received did not include the sentence: "I understand that you may not be happy with the outcome, however due to the circumstances it would be difficult to proceed with the matter any further." While the District Court quoted this language in its decision, it did not rely heavily on this disputed language in resolving the issue of whether the appellants accepted the settlement. Appellants do not dispute that the letter stated "[a]s promised . . . we have reduced our fee significantly in an effort *to resolve the case as you requested.*" (emphasis added). There is also other evidence in the record to support the District Court's conclusion that they were unhappy with the settlement but had authorized it.

Appellants assert that they were not permitted to address their issues before the District Court during a May 20, 2009, status conference. However, at the time, they were still represented by counsel. Moreover, the District Court did allow Mrs. Fazio to address the Court. Appellants also cite the District Court's comments out of context. Before saying that "it's not as if you're convincing me," the District Court noted that it

4

was not deciding the case that day. At that time, the motion to enforce the settlement had not even been filed yet and its merits were not before the District Court.

Without much explanation, appellants argue that they were prevented from addressing material issues at the September 25, 2009, hearing. They simply cite to pages of the transcript. In the first citation, the District Court had started to ask a question before being interrupted by Mrs. Fazio. The District Court stated " wait, stop" and then asked her the question. In another, after Mrs. Fazio complained about the arbitration, the Court stated, "[l]et's put that aside. That is the way those arbitrations are handled. So let's put aside what happened at arbitration. I am not interested in that. I am interested in what happened after the arbitration award that led to what [your attorney] said was a settlement." App. at Ex. D at 22-23. Later, the District Court again reminded Mrs. Fazio that the merits of the case and the arbitration proceedings were not at issue. When their daughter testified and began to criticize appellant's counsel, the District Court noted that the hearing was not about their lawyer. In all these instances, the District Court was merely trying to keep the hearing focused on the relevant issues. Appellants have not shown that they were prevented from presenting any testimony material to the issue of whether they authorized the settlement agreement.

Appellants also try to undermine the settlement by arguing that they were not aware of the confidentiality agreement which they contend was an "essential" term of the settlement. However, appellants themselves requested a confidentiality agreement

after the settlement had been agreed to. Furthermore, we note that in an April 29, 2009, letter responding to Fazio's request for a mutual confidentiality provision, counsel for J.C. Penney stated that "your clients should feel confident that J.C. Penney will not publish or disclose the existence or terms of the contract with plaintiffs, since J.C. Penney was the party seeking a confidentiality provision." App. at Ex. R.

Finally, appellants state that it was a conflict of interest for their counsel to represent them at the September 25th hearing while presenting conflicting testimony. Before the hearing, counsel advocated on their behalf and filed a response to the motion to enforce the settlement. At the hearing, the District Court did all the questioning. Counsel's only role was giving testimony; he was not representing any adverse interests. Appellants did not raise this issue in the District Court and do not explain how they were prejudiced. They do not argue that they were prevented from presenting any *relevant* evidence at the hearing.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. To the extent that the documents were before the District Court, appellant's motion to expand the District Court record is granted. In all other respects, the motion is denied.